**DAVIS, Appellant, v PALMER, ET., Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 1878. Decided April 30th, 1947.

Hugh S. Jenkins, Attorney General, Joseph F. Ford, Assistant Attorney General, Columbus, for appellees.

Cowden, Pfarrer and Crew, Dayton, Robert E. Cowden of counsel, for appellant.

**OPINION**

**By THE COURT**

This is an appeal on questions of law from a judgment of the Common Pleas Court affirming an order of the State Board of Real Estate Examiners finding, that appellant had violated §6373-42 GC in particulars as set up in what is known as complaint No. 3, against said appellant and suspending his broker's license for a period of six months.

We will hereinafter refer to the Board of Real Estate Examiners of the State of Ohio as the Board, or appellees.

At the time that the Board heard the complaints against the appellant they were five in number, all of which were found to have been sustained. On the appeal to the Common Pleas Court the question was raised whether or not it should be heard de novo or as upon an error proceeding only, if the latter, the determinative questions to be whether or not the Board acted without authority or in abuse of its discretion. The trial Judge held that the cause should proceed as a de novo hearing and accorded to the parties the opportunity to offer other or further evidence which privilege was accepted by the appellant.

In this court some attention is given to this question but as there is no cross-appeal, and appellant secured in the trial court the privilege upon which he insisted, the question is not justiciable here.

Although appellant asserts six numbered assignments of error, all of them may be encompassed in the proposition that the affirmance of the order of the Board is not supported by the evidence and is contrary to law and the brief of appellant so considers the errors assigned.

The complaint, numbered 3 before the Board, related to a transaction wherein Carl O. Bachelor, Jr., undertook through appellant, a real estate broker, to purchase certain real estate owned at the time that he made an offer for it by the Security Savings Association of Dayton, Ohio, for which property Bachelor offered to pay as purchase price the sum of $700.00, $200.00 down and $500.00 secured by mortgage on the real estate. The

owner of the property was not disclosed by the broker to Bachelor but a receipt for the $200.00 down-payment was signed, Acme Mortgage and Investment Company, by James K. Davis. Mr. Bachelor's attention was drawn to the property, which was at 125 Palmerston Ave., Lot No. 200, Highview Plat, Montgomery County, Ohio, by a sign thereon which the trial judge found stated that the property was for sale by James K. Davis Realty Company and carrying a telephone number. Thereafter Bachelor first called the telephone number, talked to the office of Mr. Davis, and later on the same day, July 26, 1941, contacted Mr. Davis at his place of business and signed the offer of purchase heretofore mentioned. The offer to purchase followed a statement by appellant that the property could be purchased for $700.00 upon the terms set out in the purchase offer. At the time that this statement was made and the purchase offer signed, appellant upon this record had no specific authorization to sell the property and no price fixed at which it could be purchased. Appellant was the manager of a corporation known as the Acme Mortgage and Investment Co., which, it may be inferred, was a close corporation controlled by appellant. Although request was made at the hearing before the Board for any records of the company which would disclose the transaction as it related to the company they were not forthcoming. Appellant was also a liquidating director in the Security Savings Association and entered into negotiations with that association for the purchase of the property under consideration and signed an offer to purchase the premises for $400.00 cash, which offer was signed James K. Davis, agent. An escrow agreement which customarily in such transactions was required by Building and Loan Associations in liquidation to be signed by the purchaser, was signed by the appellant as Carl Bachelor, Jr., by James K. Davis, Agent. The deed was made by the owner of the property, the Security Savings Association, to Mr. Bachelor and his wife, but the mortgage for $500.00 moved to the Acme Mortgage and Investment Company. Mr. Bachelor did not authorize the signing of his name to the escrow agreement.

Upon these facts, which are set out even in more detail in the opinion of Judge Cecil, the Board charged and found that appellant had violated paragraphs 3, 4, 6, 15 and 20 of §6373-42 GC and the trial judge supported specifically the findings of the Board.

It is urged that there was no fraud, misrepresentation, misappropriation or withholding of money, or any other prohibited act on the part of Davis in the complaint of which he

was found to be chargeable. The brief discusses the action of the Board as related to all of the charges. We can not so consider them but must restrict our attention to the one only which is appealed here.

Our attention is also directed to an opinion of Judge Thomas in favor of the Acme Mortgage and Investment Company in a suit against Bachelor growing out of the transaction hereunder consideration. We have examined this opinion but can not find that it is determinative or persuasive upon any question before us, and anything that we say is without any understanding or prejudice of the issues which may be before us if the judgment in this suit of the Acme Mortgage and Investment Company against Bachelor comes to our attention on appeal. This is not an adverse proceeding between Davis and Bachelor.

We could well rest our judgment upon the opinion of Judge Cecil in the trial court and principally for the reasons he assigns.

This whole transaction is devious in its paths. However, it seems crystal clear that appellant desired to make as much money on this transaction as possible. This, in itself, was not reprehensible and if all of the steps which he took had been made known to those whom he represented, no objection could be asserted to it. The Real Estate Broker's Act was passed for the purpose of assuring open, fair and upright dealing on the part of brokers with those whom they represent. Each numbered subdivision of §6373-42 GC has some relation to the broad purpose intended to be accomplished by the act. Number 3, one of the causes for a suspension or revocation of a broker's license, provides:

"A continued course of misrepresentation * * * ."

Manifestly, this provision of the section was violated. Bachelor was led to believe that Davis was authorized to sell the property at a certain price and impliedly, at least, that the then owner was the Acme Mortgage and Investment Company. The Security Savings Association was led to believe that the purchaser whom Davis represented would pay but $400.00 for the property. Whether or not he represented the Acme or Bachelor was not clear because the purchase proposal was signed by Davis as agent and the escrow agreement was signed in the name of Bachelor by Davis as agent. The effect of the escrow agreement was a representation to the Security Savings Association that Bachelor was the purchaser and that his

signature was authorized. At this juncture, it should be said that although it is conceded that Davis had no authority to sign the name of Bachelor as purchaser to the escrow agreement, Davis can not be heard here to deny that he did so undertake to act and he was acting as broker, not only when he took the offer to purchase from Bachelor, but when he signed the escrow agreement for Bachelor.

Sub-division 4 provides:

"Acting for more than one party in a transaction without the knowledge or consent of all parties thereto,"

Sub-division 15 provides:

"Having acted in the dual capacity of broker and undisclosed principal in any transaction"

That the letter and spirit of these provisions was breached is so manifest that it is not necessary to state the particulars wherein they were violated.

Sub-division 20 provides:

"Having offered real property for sale  *  *  *  without the knowledge and consent of the owner  *  *  *,  on any terms other than those authorized by the owner  *  *  *  ."

Appellant offended against the subject matter of this section. When he originally negotiated the sale with Bachelor he had no consent of the owner to do so, or if he had any implied consent by the general understanding that property under liquidation could be sold, he certainly had no authorization as to terms upon which it could be offered for sale. When appellant offered it to Bachelor for $700.00 it was not in conformity to any terms which the owner theretofore or thereafter fixed.

We have not discussed the broad ethical and legal obligation upon an agent who acts in a fiduciary relationship for his principal but have confined the consideration of this appeal to the specific prohibitions against acts of licensed real estate brokers set out in §6373-42 GC.

Without further elucidation of particulars wherein other and further reasons could be advanced to support the order of the Board and the judgment of the trial court, we are satisfied to say that no error appears to the prejudice of the appellant in the judgment here under review. It will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

## APPLICATION FOR REHEARING

Decided May 19th, 1947.

Hugh S. Jenkins, Attorney General, and Joseph F. Ford, Assistant Attorney General, Columbus, for appellees.

Cowden, Pfarrer & Crew, Dayton, for appelant.

### OPINION

By THE COURT

Submitted on application for rehearing, consisting of three branches.

We considered all of the questions raised by the application unless, possibly, objection is asserted in the third branch of the motion to the judgment upon a ground other than urged in brief or oral argument. The Court passed on all questions which were so presented.

The application will be denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.