ACME MORTGAGE & INVESTMENT CO., Plaintiff-Appellee,
v. BACHELOR, et, Defendants-Appellants.

Ohio Appeals, Second District, Montgomery County.

No. 1924.   Decided April 14, 1948.

Harold E. Smock, Dayton, for plaintiff-appellee.
Jerome Miller, Dayton, for defendants-appellants.

**OPINION**

By HORNBECK, J:

The appeal is on questions of law and fact from a judgment in favor of plaintiff-appellee.   Because of the nature of the appeal it becomes our obligation to consider the cause de novo.

The suit is to recover a judgment on a promissory note in the sum of $500.00 payable to plaintiff and signed by the defendants, and to foreclose a real estate mortgage given to secure the payment of the note.   The defense set up in the answer is that plaintiff, by his acts and conduct set forth in the three separate defenses of the answer, worked a fraud upon the defendants and that by reason thereof it should not be permitted to maintain its suit.

The factual development in this case is involved.   We have heretofore had substantially the same testimony in another

case in this Court, No. 1878, Montgomery County, **Davis v. Palmer, et al., (48 Abs 619)** as members of the Board of Real Estate Examiners of the State of Ohio, wherein an order of the Board suspending the license of James K. Davis, as Real Estate Broker was under consideration. The suspension of the license was predicated upon the violation in certain particulars of §6373-42 GC, which sets up a canon of ethics binding and obligatory upon Real Estate Brokers who are licensed under the statutes of Ohio. On this appeal we affirmed the judgment of the Common Pleas Court supporting the revocation of the license of James K. Davies as a Real Estate Broker upon the ground that he had violated several of the specific requirements of the controlling section of the Code.

These same acts are under consideration here and the record in this case supports the conclusion which we reached in the appeal from the revocation of the Broker's license.

Our former conclusion is not necessarily dispositive of the question presented here which is an adversary proceeding between the plaintiff, a corporation, and the defendants, as individuals.

It is claimed that James K. Davies and the plaintiff, The Acme Mortgage and Investment Company, to all intents and purposes, is one and the same entity. This contention seems to be sound. Whether it could be so held in all instances is not of moment here, but that the corporation was used in the transaction here involved solely to conform to the purpose of James K. Davis, the individual, and James K. Davis, Agent, is certain. James K. Davis at the time of the transaction under consideration was a licensed Real Estate Broker operating under the title of the James K. Davis Realty Company. Defendant, Carl Bachelor, Jr., observing a sign of the Realty Company on a piece of property, known as the Palmerston Street property, contacted Mr. Davis, as a result of which a proposition to purchase the property was made and signed by defendants. The proposition was addressed to the James K. Davis Realty Company. It proposed to pay $700.00 for the real estate. The terms were set out and $50.00 deposit was made by the defendants with the Davis Realty Company, who admittedly is James K. Davis. Pursuant to this proposition, Mr. Davis, who was a director of the Security Building and Savings Association, the owner of the realty, submitted a written offer to the Association of $400.00 as purchase price of the realty. The directors of the Association, among whom was Mr. Davis, voting, accepted the offer thus made. Thereafter, in accordance with the practice in such sales designation of an escrow agent was made who was authorized to pur-

chase shares of the stock of the Association to the amount that $150.00 in cash would buy. This designation was required to be, under the practice, signed by the purchaser of the real estate. It was signed, Carl Bachelor, Jr., by James K. Davis, Agent. The transaction was consummated. The purchase price of $400.00 was paid to the Security Building and Loan Association and deed made for the premises from the Association to the defendants. At this juncture, it may be concluded that the proposal to purchase signed by James K. Davis, Agent, was a proposal to purchase for the purchaser set out by Davis in the designation of escrow agreement, namely, Carl Bachelor, Jr. Any other conclusion would be inconsistent with the. facts, although it is urged by the appellee that the purchaser was the plaintiff corporation. To so hold, we would as to the plaintiff, be required to disregard completely the express assertion of Mr. Davis in the escrow agreement that the purchaser was Carl Bachelor, Jr., and that, Davis, was acting as his agent.

The next step taken in the transaction was the preparation and signing of a check for $500.00 from the Acme Mortgage Company payable to defendants, immediately endorsed by them and returned to Mr. Davis. Whereupon the note for $500.00 and the mortgage securing it were signed and executed by the defendants. The defendants were not informed by Mr. Davis of the transaction wherein the purchase of the property from the Loan Association was accomplished for the sum of $400.00 in the manner heretofore stated.

It is the contention of the plaintiff that the Davis Realty Company was not acting as agent in the transaction at any stage thereof because no commission whatever was charged by the Realtor against any of the parties to the transaction. This, of course, as to Mr. Davis, is refuted completely by his written signature as agent to the designation of escrow agent. It is also manifest that if the plaintiff as a corporation had any part in the transaction, Davis was representing it. The probability by reason of the factual development is that the plaintiff was nothing more or less than a means of withholding from the Building and Loan Association the fact that Davis himself was the purchaser of the real estate and also to withhold from the defendants the information that Davis was the purchaser, and further, that Davis, the individual, was the Acme Mortgage and Investment Company in issuing the check to the defendants signed by it. Defendant, Carl Bachelor, Jr., denies any authorization to Mr. Davis to act for him in the purchase of the property from the Security Building and Loan Association.

To hold for the defendants here we should find that it would be unconscionable to permit the plaintiff to have a judgment on its note and order of foreclosure on its mortgage and that to permit such relief would result in a loss to the defendants which they would not have suffered had not James K. Davis, who it may well be said is the Acme Mortgage and Investment Company and was acting as a Realtor in this transaction, acted in violation of his obligation under the law as a Realtor.

We are impressed that, although the conduct of Mr. Davis will not stand the test of ethical dealing in the transaction, we can not find that the defendants have been prejudiced or suffered any pecuniary loss by reason thereof. Defendant, Carl Bachelor, Jr., a Realtor with his eyes open and upon inspection of the realty under consideration, made a bid to pay $700.00 therefor. He made no attempt to purchase the property at any lesser sum than the amount which he offered to pay. Notwithstanding the irregularities on the part of Davis, the agent, it may not be said that his conduct in any particular required the defendants to do anything or to pay any sum of money in excess of that which they proposed to pay for the specific property which they received by the deed. It further appears that the $400.00 which was paid to the Security Building and Loan Association was in cash, whereas the balance on the purchase price represented by the note payable to the plaintiff was payable in installments. We can not find that the defendants have shown any ground which would support an order which would relieve them entirely from paying an obligation which they specifically agreed to assume for the consideration which passed to them by the transfer of the real estate to which they took title.

Judgment for plaintiff as prayed.

WISEMAN, PJ, and MILLER, J, concur.

## ON APPLICATION FOR REHEARING

No. 1924. Decided May 17, 1948.

By THE COURT:

Submitted on application for rehearing. No principle is presented in the application which we did not consider in our original opinion and therefore no good purpose would be served in further discussing the question presented.

The application will be denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.